IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20062-01-KHV |
| | ) | |
| ALEJANDRO RAY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On January 9, 2011, a jury found defendant guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and seven counts of distribution of five grams or more of cocaine base. On May 10, 2011, the Court sentenced defendant to 235 months in prison. On February 10, 2015, based on retroactive Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 188 months in prison. This matter is before the Court on defendant's pro se Motion For Reduced Sentence Pursuant To Section 404 Of The First Step Act Of 2018 (Doc. #88) filed July 23, 2020. For reasons stated below, the Court sustains in part defendant's motion.

## Factual Background

On April 22, 2010, a grand jury returned an indictment which charged that defendant conspired to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). See Indictment (Doc. #1), Count 1. The indictment also charged defendant with seven counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). See id., Counts 2 through 8.

On January 19, 2011, a jury found defendant guilty on all eight counts.  See Verdict (Doc. #40).  On the special verdict form, the jury found beyond a reasonable doubt that defendant conspired to possess with intent to distribute 50 grams or more of cocaine base and that each of the distribution counts involved five grams or more of cocaine base.  See id.

The Presentence Investigation Report ("PSR") (Doc. #45) held defendant accountable for 2,720 grams of cocaine base.  Based on the testimony at sentencing, defendant conceded that he was accountable for at least 1,340 grams of cocaine base.  See Transcript Of Sentencing (Doc. #64) filed July 12, 2011, at 25.  Defense counsel agreed that even if the Court applied the lower quantity of 1,340 grams, defendant's base offense remained at 34.  See id. at 26.  Defendant also received a two-level enhancement as a manager of at least one other person who assisted him in selling narcotics.  See PSR (Doc. #45) ¶ 25; United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1(c).  Based on a total offense level of 36 with a Criminal History Category III, defendant's guideline range was 235 to 293 months in prison.  On May 10, 2011, the Court sentenced defendant to 235 months in prison.  See Judgment In A Criminal Case (Doc. #56).

Defendant appealed his convictions and sentence.  United States v. Williams, 468 F. App'x 899, 904 (10th Cir. 2012).  On May 30, 2012, the Tenth Circuit affirmed.  See id. at 910.

Defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  In part, defendant claimed that his counsel provided ineffective assistance because he failed to argue for application of the reduced statutory penalties in the Fair Sentencing Act of 2010.  See Memorandum And Order (Doc. #85) filed January 11, 2016.  As to this claim, the Court ruled as follows:

> Defendant argues that counsel provided ineffective assistance because on appeal, he did not challenge defendant's sentence in light of the Fair Sentencing Act . . . .  In particular, relying on Dorsey v. United States, 132 S. Ct. 2321 (2011), defendant claims that he should not have been subject to the higher statutory

2

penalties under 21 U.S.C. § 841(b)(1)(A).  * * * *

Here, the PSR used the pre-[Fair Sentencing Act] statutory range on Count 1 of ten years to life.  See PSR (Doc. # 45) ¶¶ 71-72.  Under the [Fair Sentencing Act], based on the jury finding that the conspiracy involved 50 grams or more of cocaine base, the correct statutory range on Count 1 was five to 40 years.  See 21 U.S.C. § 841(b)(1)(B)(iii).  Neither party raised the issue at sentencing.  The PSR's error in bracketing the statutory ranges was immaterial, however, in light of defendant's guideline range of 235 to 293 months, which was within the statutory ranges of both Section 841(b)(1)(A) (ten years to life) and Section 841(b)(1)(B) (five to 40 years).  The Court sentenced defendant to 235 months, which was well within the correct statutory range for Count 1 (five to 40 years).  Accordingly, counsel's failure to object on appeal based on the [Fair Sentencing Act] was not deficient or prejudicial.

Memorandum And Order (Doc. #85) at 19–20 (footnote omitted).

## Analysis

### I.    Request To Appoint Counsel

Defendant previously requested that the Court appoint counsel to help him file his motion. See Motion And Request For Counsel To File For A Reduction Of Sentence (Doc. #86) filed February 11, 2019.  Because the Honorable Julie A. Robinson of the District of Kansas appointed the Office of the Federal Public Defender ("FPD") to represent any indigent defendant who was previously convicted and sentenced in the District of Kansas to determine whether that defendant may qualify for relief under Section 404 of the First Step Act of 2018, the Court overruled defendant's request for counsel as moot.  See Memorandum And Order (Doc. #87) filed February 19, 2019.  Even so, the Court notified the FPD of defendant's request for counsel.  See id. at 1.  Because the FPD declined to enter an appearance, the Court evaluates on the merits defendant's prior request for counsel.

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a post-conviction motion.  See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also

United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion).  In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, defendant is not entitled to counsel.  As explained below, defendant's claim has merit.  Even so, his claim is not particularly complex factually or legally.  Defendant also appears able to adequately present his claim.  For these reasons, the Court overrules defendant's request to appoint counsel.

II.      **Motion For Release**

Defendant seeks relief under the First Step Act of 2018 ("FSA-2018"), Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010 ("FSA-2010"), Pub. L. No. 111-220; 124 Stat. 2372.  See FSA-2018, § 404(a) (FSA-2018 applies to sentences for federal crimes that were committed before August 3, 2010 with statutory penalties modified by FSA-2010).  As explained below, the Court has authority to reduce defendant's sentence under the FSA-2018, but it does so only as to defendant's term of supervised release.

A.      **Defendant Is Eligible For Relief Under The FSA-2018**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Effective August 3, 2010, Section 2 of the FSA-2010 reduced the

amount of cocaine base needed to trigger certain statutory minimum and maximum sentences.[1]  In

particular, the FSA-2010 raised from 50 to 280 grams the amount of cocaine base needed to trigger

the statutory range of ten years to life in prison.  See 21 U.S.C. § 841(b)(1)(A)(iii).  The FSA-2010

also raised from five to 28 grams the amount of crack cocaine needed to trigger the statutory range

of five to 40 years in prison.  See 21 U.S.C. § 841(b)(1)(B)(iii).  The FSA-2018 retroactively

applies the revised statutory penalties of the FSA-2010 to offenders who were sentenced under the

pre-FSA-2010 penalties.

Under the FSA-2018, defendant is eligible for relief if he was convicted and sentenced

(1) for a federal crime that was committed before August 3, 2010 and (2) Section 2 or 3 of the

FSA-2010 modified the statutory penalties for the offense.  United States v. Mannie, 971 F.3d

1145, 1152 (10th Cir. 2020).  The Court cannot entertain a motion for relief under the FSA-2018,

however, if it (1) previously imposed or reduced defendant's sentence under the amendments in

Sections 2 and 3 of the FSA-2010 or (2) already denied a prior motion for relief under the FSA-

2018.  Id. (citing FSA-2018, § 404(c)).

The government argues that because the Court sentenced defendant after August 3, 2010,

he is not eligible for relief under the FSA-2018.  See Government's Response To Defendant's

Motion For Sentence Reduction (Doc. #91) filed August 14, 2020 at 4.  As noted, the date of

sentencing does not determine whether defendant is eligible for relief.  Here, defendant satisfies

all of the above requirements for relief.  He committed the offenses before August 3, 2010, and

the FSA-2010 has modified the statutory penalties for those offenses.  Even though the Court

sentenced defendant after August 3, 2010, it applied the pre-FSA-2010 statutory penalties

---

[1]    The FSA-2010 also reduced the crack cocaine/powder cocaine ratio to 18:1 in the Sentencing Guidelines.  Here, the PSR used the November 1, 2010 version of the Guidelines which included the amended provisions of Section 2D1.1(c).

including a range of ten years to life on Count 1.  See Indictment (Doc. #1) filed April 22, 2010,

Count 1 (conspiracy with intent to distribute 50 grams or more of cocaine base); PSR (Doc. #45)

¶¶ 71–72 (statutory range on Count 1 of ten years to life).  Under the FSA-2010, based on the jury

finding that the conspiracy involved 50 grams or more of cocaine base, however, the correct

statutory range on Count 1 was five to 40 years.[2]  See 21 U.S.C. § 841(b)(1)(B)(iii).  Neither party

raised the issue at sentencing or on appeal.[3]  Defendant has not been sentenced under the FSA-

2010 modified statutory penalties.  In addition, the Court has not previously denied a motion for

relief under the FSA-2018.  For these reasons, defendant is eligible for relief under the FSA-2018.

See United States v. Bates, No. 19-7061, 2020 WL 5422410, at *2 n.2 (10th Cir. Sept. 10, 2020)

(if sentencing after effective date of FSA-2010 relied on pre-FSA-2010 penalties, defendant

eligible for relief under FSA-2018).

> **B.      The Court Grants Relief Only As To Defendant's Term Of Supervised Release**

Under the FSA-2018, the Court may impose a reduced sentence as if the revised statutory

penalties of the FSA-2010 were in effect when the covered offense was committed.  See FSA-

2018, § 404(b).  The Court has "broad discretion" to grant or deny relief.  Mannie, 971 F.3d at

1155.  In determining whether to grant relief and the extent of any relief, the Court does not conduct

a plenary resentencing.  See United States v. Brown, 974 F.3d 1137, 1144 (10th Cir. 2020).

Accordingly, defendant has no right to a hearing or of allocution.  See Mannie, 971 F.3d at 1156–

---

[2]      The PSR also used the pre-FSA-2010 statutory range on Counts 2 through 8 of five to 40 years.  PSR (Doc. #45) ¶¶ 71-72.  Based on the jury finding that each distribution charge involved five grams or more of cocaine base, the correct statutory range on Counts 2 through 8 was zero to 20 years.  See 21 U.S.C. § 841(b)(1)(C)(iii).

[3]      The Supreme Court later clarified that the FSA-2010's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders."  Dorsey v. United States, 567 U.S. 260, 270, 281 (2012).

57.  In determining whether to grant relief, the Court may—but is not required to—consider the factors under Section 3553(a).  See id. at 1158 n.18.  But see United States v. Easter, No. 19-2587, 2020 WL 5525395, at *6 (3d Cir. Sept. 15, 2020) (district court must consider all § 3553(a) factors to extent they apply).

Defendant argues that the Court should impose a revised sentence that is consistent with Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and the intervening case of Alleyne v. United States, 570 U.S. 99 (2013).  Motion For Reduced Sentence (Doc. #88) at 10.  Beyond arguing that Apprendi and Alleyne together make drug type and quantity essential elements of the offense, defendant does not explain how Apprendi and Alleyne impact the appropriateness of his sentence or the applicable guideline range.  In addition, the Tenth Circuit rejected similar arguments on direct appeal.  See Williams, 468 F. App'x at 907 (any error omitting drug quantity element in jury instruction harmless because jury found beyond reasonable doubt that defendant conspired to distribute more than 50 grams of crack cocaine, and sufficient evidence supported its finding); id. at 909–10 (district court did not violate defendant's Sixth Amendment rights by relying on drug quantities not found by jury because judicial finding did not increase defendant's sentence beyond maximum for conviction of conspiracy to distribute 50 grams or more of crack cocaine).[4]

At the original sentencing, after considering defendant's guideline range of 235 to 293 months and balancing the factors under 18 U.S.C. § 3553, the Court sentenced defendant to

---

[4]  In Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.  At sentencing, under Count 1, the Court noted the pre-FSA-2010 statutory minimum of ten years. See 21 U.S.C. § 841(b)(1)(A).   The post-FSA-2010 statutory minimum is five years.   See 21 U.S.C. § 841(b)(1)(B).  Because defendant's actual sentence and the guideline range of 188 to 235 months were well in excess of the amended statutory minimum, Alleyne does not appear to apply.  See United States v. Cassius, 777 F.3d 1093, 1094, 1097 (10th Cir. 2015) (no Alleyne error based on district court finding of drug quantity to enhance defendant's guideline range so long as judicial finding does not alter defendant's statutory sentencing range).

235 months in prison.   In 2015, after the Sentencing Commission passed retroactive Amendment 782, which lowered defendant's guideline range to 188 to 235 months, the Court reduced defendant's sentence to 188 months.  Defendant now seeks a further reduction based on the FSA-2018's retroactive reduction of the statutory penalties involving crack cocaine offenses. The amendment to the statutory penalties does not impact defendant's amended guideline range of 188 to 235 months, which is within the statutory ranges of Section 841(b)(1)(A) (ten years to life), Section 841(b)(1)(B) (five to 40 years) and Section 841(b)(1)(C) (zero to 20 years).  United States v. Logan, No. 07-20090-01-KHV, 2019 WL 498519, at *1 (D. Kan. Feb. 8, 2019) (overruling request for relief because revised statutory range did not impact original guideline range).   Moreover, a sentence below the low end of the guideline range of 188 months is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.  See 18 U.S.C. § 3553(a)(2)(A), (B) and (C).  In particular, defendant committed a significant drug trafficking offense.  As part of the offense conduct, defendant was responsible for at least 1,340 grams of cocaine base.  See Transcript Of Sentencing (Doc. #64) at 25. Defendant also received a two-level enhancement as a manager of at least one other person who assisted him in selling narcotics.  See PSR (Doc. #45), ¶ 25; U.S.S.G. § 3B1.1(c).

Defendant asks that in balancing the Section 3553(a) factors, the Court consider the impact of the COVID-19 pandemic on him at FCI Forrest City-Low, a Bureau of Prisons facility in Forrest City, Arkansas.  Motion For Reduced Sentence (Doc. #88) at 12.  Defendant notes that the COVID-19 pandemic has significantly reduced the educational and vocational training opportunities available at the facility.  FCI-Forrest City-Low had a COVID-19 outbreak earlier this year with more than 600 inmates testing positive, but only two inmates presently have tested positive and have not recovered.  See COVID-19 Cases, BOP, https://www.bop.gov/coronavirus

(last visited Oct. 20, 2020).   No inmates at the facility have died from COVID-19.   See id.

Moreover, defendant has not shown that he has medical conditions which place him at high risk

of contracting COVID-19 or suffering severe illness if he contracts it.   COVID-19 certainly

presents a challenge in the prison setting, where inmates generally live in close quarters, and the

reduction of programming—while necessary to reduce transmission of COVID-19—is

unfortunate.   Even so, the risk that COVID-19 may re-emerge at FCI Forrest City-Low, and the

reduced educational and vocational training opportunities at the facility, do not outweigh the other

factors under Section 3553(a).

Defendant notes he has participated in a number of BOP programs and has not received

any disciplinary infractions.   The Court recognizes that he has made progress toward rehabilitation.

Even so, on balance, the factors under Section 3553(a) do not support a reduced term of

imprisonment.   As explained above, the FSA-2018 change in defendant's statutory minimum from

ten to five years on Count 1 and from five years to zero on Counts 2 through 8 had no impact on

his guideline range of 188 to 235 months.   In sum, the Court declines to reduce defendant's term

of imprisonment under Section 404(b) of the FSA-2018.

Defendant also asks the Court to reduce his term of supervised release to the statutory

minimum.   At sentencing, the Court imposed a five-year term of supervised release on all counts,

which was the statutory minimum on Count 1 under the pre-FSA-2010 penalties.   See 21 U.S.C.

§ 841(b)(1)(A)(iii).   Under the FSA-2018, the Court may apply the amended statutory penalties of

the FSA-2010, which lowered the statutory minimum under Count 1 from five to four years and

the statutory minimum under Counts 2 through 8 from four to three years.   See FSA-2018,

§ 404(b);   21   U.S.C.   §§ 841(b)(1)(B)(iii),   841(b)(1)(C)(iii).   After considering defendant's

rehabilitation efforts and the BOP assessment that he is low risk to reoffend, the Court reduces

defendant's term of supervised release on Counts 1 through 8 from five to four years.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Reduced Sentence Pursuant To Section 404 Of The First Step Act Of 2018</u> (Doc. #88) filed July 23, 2020 is **SUSTAINED in part**. **The Court reduces defendant's term of supervised release on Counts 1 through 8 from five to four years, all to run concurrently. All other terms and conditions of the <u>Judgment In A Criminal Case</u> (Doc. #56) filed May 10, 2011, as modified by the <u>Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)</u> (Doc. #82) filed February 9, 2015, shall remain in effect.**

Dated this 26th day of October, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge